STRAUSS (MORAN v.). See Case No. 9,787.

STRAW (SUTHERLAND v.). See Case No. 13,644.

STRAWBRIDGE (KITCHEN v.). See Case No. 7,854.

STREET (BUCKNER v.). See Case No. 2,-098.

## Case No. 13,533.

### STREET v. DAWSON.

[4 N. B. R. 207 (Quarto, 60);[1] 2 Balt. Law Trans. 369.]

Circuit Court, D. Maryland. 1870.

BANKRUPTCY—PREFERENCE—CONFESSION OF JUDGMENT.

1. On the 19th of April, 1867, Gover, Hardesty & Co., of Baltimore, failed in business, and closed their banking-house, owing the appellant Street, as trustee, a large sum—balance on deposit account. The partners of the banking-house, it is admitted, regarded this deposit indebtedness as entitled to special preference in payment of debts.

2. The bank had to their credit, at the time of their failure, two thousand nine hundred dollars in New York. This sum was on the 22d of April attached by the appellant, in a proceeding in the courts of that city, based on a confession of judgment by Gover, one of the partners of the Baltimore bank, then in New York, and judgment was obtained on the attachment in favor of Street.

3. On the 20th of April, Hardesty, the other partner, in Baltimore, drew on the New York funds in favor of George H. Williams, attorney for Cohen. A controversy thus sprung up in the New York courts between these opposing creditors, in which the appellant Street prevailed and obtained judgment.

4. Within four months afterwards, Gover & Hardesty were adjudged bankrupts.

5. In a suit brought by Dawson, assignee in bankruptcy, against Street, to recover back this money, *held*, that the plaintiff was entitled to re-recover; and judgment of the district court to that effect is, on appeal, now affirmed.

[Cited in Platt v. Archer, Case No. 11,214.]

[6. Cited in Haskell v. Ingalls, Case No. 6,-193, to the point that counsel fees paid for services rendered in opposition to the interests of the general fund in bankruptcy cannot be recovered from such fund.]

[Error to the district court of the United States for the district of Maryland.]

This was an action of assumpsit [by Dawson, assignee in bankruptcy of Gover, Hardesty & Co., against J. M. Street] in the district court.

Wm. Schley, for appellant.

Geo. H. Williams, for appellee.

BY THE COURT. The case was substantially as follows: Gover, Hardesty & Co. were bankers in the city of Baltimore. J. M. Street, as trustee for the heirs of St. Clare, deposited with them certain sums of money amounting in the aggregate to three thousand four hundred dollars. The last of these deposits was made on the 12th of October, 1866. On the 19th of April, 1867, Gover, Hardesty & Co. failed in business and closed their banking house. At that time the deposit of Street, as trustee, had been reduced to three thousand one hundred dollars. Both of the partners regarded this deposit as made under peculiar circumstances, and entitled to special preference in payment. At the time of the failure, Gover, Hardesty

---

[1] [Reprinted from 4 N. B. R. 207 (Quarto, 60), by permission.]

& Co., had a balance in their favor of two thousand nine hundred dollars and thirty-nine cents, in the hands of Scott, Capron & Co., of New York. To secure the transfer of this balance to Street in payment of the trust deposit, Gover and Street proceeded together to New York on the evening of the 21st of April. Upon arrival, they called upon Scott, Capron & Co., and found that telegrams had been received by them from Hardesty and from George H. Williams, prohibiting the payment of the money. It appears that, on the 20th of April, Hardesty had drawn drafts in the name of the firm, upon Scott, Capron & Co. for the balance in their hands, in favor of George H. Williams, who was attorney for Lewin M. Cohen. The balance in favor of Cohen seems to have accrued from the sales of stock belonging to him, and sold for his account by Gover, Hardesty & Co., through Scott, Capron & Co. Under these conflicting assignments, a controversy sprung up in New York. A suit was commenced by Street against Gover, Hardesty & Co., and judgment obtained, by consent of Gover, on the 22d of April, and proceedings were instituted to subject the balance in the hands of Scott, Capron & Co. to the payment of this judgment. In the course of these proceedings, the claim of Cohen was set up. After a protracted contest, an order was made for the payment of the money to Street; a large percentage was absorbed by costs and attorneys' fees; the sum only of two thousand four hundred and twenty-three dollars and twenty-seven cents came to his hands. Within four months after the judgment, Gover & Hardesty were adjudged bankrupts. The object of the suit in the district court was to compel Street to refund the money to the assignee in bankruptcy of Gover, Hardesty & Co.

Upon the trial, various instructions were asked, all of which were refused by the judge, who, however, gave the following instruction to the jury: "If the jury shall find from the evidence in this case that the firm of Gover, Hardesty & Co. was insolvent, and closed their banking-house on the 19th of April, 1867, and that George P. Gover, one of said firm, went on to New York in company with the defendant, on the 21st of said month, and on the next day defendant brought suit in said city against said firm, for the money due him by said firm, in which suit the said George P. Gover, without the knowledge and consent of his partner, and with intent to give a preference to said defendant, confessed the judgment on the day of the institution of said suit, upon which judgment, execution by attachment issued, and the funds of said firm in said city were attached, and condemned, and paid over to the defendant; and if the jury shall further find that when said suit was brought, judgment confessed, and money received, the defendant had reasonable cause to believe that the said firm was insolvent, and that such

confession of judgment was made in fraud of the provisions of the bankrupt act [of 1867 (14 Stat. 517)]; and, if the jury shall further find, that within four months from the confession of said judgment, and before the institution of this suit, the said Gover, Hardesty & Co. had been adjudged bankrupts by a decree of this court, and that the said plaintiff had been duly chosen assignee of said bankrupts, and had accepted said trust, and that his selection as assignee had been duly approved by this court,—then the jury shall render their verdict for the plaintiff for the amount received under said attachment by the defendant, or by his attorney, with such interest as the jury may think proper to allow, not to exceed six per centum on the amount received." This instruction was clearly correct, and it covered, either by affirmation or negation, the whole ground of the instructions asked. There was, therefore, no error in the instructions given.

Upon one point only could any doubt be entertained. The amount which actually came into the hands of Street was only two thousand four hundred and twenty-three dollars and twenty-seven cents, and it is doubtless a hardship that he should be compelled to refund what seemingly he never received. But under the 35th section of the bankrupt act, there can be no doubt that the transaction, through which he attempted to obtain possession of the balance in the hands of Scott, Capron & Co., was void as against the assignee in bankruptcy, and that the assignee was entitled to the full amount of that balance. Having notice of the insolvency of Gover, Hardesty & Co., Mr. Street intervened at his peril, and in a legal sense, it must be agreed that the whole amount came to him, and that the sum which was appropriated to the costs and attorneys must be considered as having been paid by him after it was received under the order of the court. The judgment of the district court, therefore, must be affirmed.

<hr />

STRICKER (UNITED STATES v.). See Case No. 16,410.

STRICKLAND (CLARKE v.). See Case No. 2,864.

STRICKLAND (PIERCE v.). See Case No. 11,147.

<hr />